JUSTICE NELSON
specially concurs.
¶27 Albeit very reluctantly, I concur in our Opinion. To say that my concurrence is without enthusiasm, however, (see ¶ 18 of the Court’s Opinion) grossly overstates my exuberance for our decision. Unfortunately, our ability to come to any other conclusion is cabined by the United States Supreme Court’s recent decision in Buckeye Check Cashing, Inc. v. Cardegna (2006), 126 S.Ct. 1204, 163 L.Ed.2d 1038, and the procedural quirk in the Martzes’ own pleadings.
¶28 My frustration with our inability to reach a legally correct, fair and just result in this case stems directly from the fact that the United States Supreme Court has, from the beginning, improperly conflated the Federal Arbitration Act (FAA) into something which Congress never intended it to be. Allied-Bruce Terminix Companies, Inc. v. Dobson (1995), 513 U.S. 265, 283, 115 S.Ct. 834, 844, 130 L.Ed.2d 753 (O’Connor, J., concurring) (“I continue to believe that Congress never *102 intended the Federal Arbitration Act to apply in state courts, and that this Court has strayed far afield in giving the Act so broad a compass.”). See also Buckeye, 126 S.Ct. at 1211 (Thomas, J., dissenting), and Kloss v. Edward D. Jones & Co., 2002 MT 129, ¶ 61 n.3, 310 Mont 123, ¶ 61 n.3, 54 P.3d 1, ¶ 61 n.3 (Nelson, J., concurring).
¶29 Indeed, under the High Court’s jurisprudence, the FAA and pre-dispute arbitration clauses in contracts of adhesion have now become little more than instruments of economic Darwinism by which predatory lenders — such as Beneficial and Buckeye — and other large corporations victimize main-street businesses, the unsophisticated, the elderly, the poor, and what is left of the middle class.
¶30 I concur only because a higher authority than this Court has declared the law of the land on these issues.